```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

AMY R. WEISSBROD GURVEY,
USPTO Patentee,

       Plaintiff,

-against-

HON(S). JONATHAN LIPPMAN, PETER TOM, LUIS GONZALEZ, ROLANDO ACOSTA, THOMAS CAHILL, SHERRY COHEN, DAVID SPOKONY, JORGE DOPICO, ALAN W. FRIEDBERG, JAMES SHED, NAOMI GOLDSTEIN, RAYMOND VALLEJO, ORLANDO REYES, LAUREN HOLMES, HEARING PANEL IV, HINSHAW & CULBERTSON, LLP, RICHARD SUPPLE, HAL LIEBERMAN, O. LEE SQUITIERI, SQUITIERI & FEARON, LLP, NYS OFFICE OF COURT ADMINISTRATION (LAWRENCE MARKES & JOHN MCCONNELL, CHIEF COUNSELS, STATE OF NY, CITY OF NY and DOES 1-X, INCLUSIVE,

       Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2018
```

18 Civ. 2206 (AT)

**ORDER OF DISMISSAL**

ANALISA TORRES, District Judge:

  Plaintiff *pro se* is an attorney[1] who was suspended by the Appellate Division, First Department of the New York Supreme Court (the "Disciplinary Action") in 2012 for her repeated "pursuit of frivolous and vexatious litigation." *See In re Gurvey*, 102 A.D.3d 197, 200 (2012), *appeal dismissed*, 20 N.Y.3d 1085, *motion for reconsideration denied*, 21 N.Y.3d 968 (2013). On March 12, 2018, Plaintiff brought this action alleging civil rights and patent claims against Defendants pursuant to 42 U.S.C. § 1983 and the First, Fifth, and Fourteenth Amendments. Compl. ¶¶ 1, 5, ECF No. 1. For the reasons stated below, the action is DISMISSED with prejudice.

  Plaintiff's allegations are substantially similar to her allegations in a 2013 action brought under § 1983 (the "Federal Action") against several of the same Defendants, who are state officials and private parties who were either involved in the disciplinary process against Plaintiff in 2012 or her subsequent lawsuits. *See generally Weissbrod v. Gonzalez*, No. 13 Civ. 2565, 2013 WL 12084506 (S.D.N.Y. May 2, 2013), *motion for reconsid. denied*, No. 13 Civ. 2565

---

[1] Although courts "ordinarily afford special solicitude to *pro se* litigants," the Second Circuit has already explained, in a prior lawsuit brought by Plaintiff, that "as an attorney, Weissbrod is not entitled to liberal construction of her pleadings." *Weissbrod v. Gonzalez*, 576 F. App'x 18, 19 (2d Cir. 2014).

(S.D.N.Y. May 14, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014). That action was dismissed *sua sponte* as barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity. *Id*. The Second Circuit affirmed. *Gonzalez*, 576 F. App'x 18.

Plaintiff filed a subsequent action in state court in January 2015 with similar claims against 16 of the 24 defendants named here. *See Weissbrod v. State of New York*, Index. No. 100163-15 (N.Y. Sup. Ct.); *see also* Berg Decl., Ex. A, ECF No. 21-1. The state court dismissed the action because of jurisdictional defects, *see* Berg Decl., Ex. B, at 8, ECF No. 21-2, collateral estoppel, based on the Disciplinary Action and the Federal Action, *id.*, failure to state a claim, *id*. at 10, and other procedural defects, *id*. at 10–11. The state court enjoined Plaintiff "from filing any new claims against [the defendants] without first obtaining leave from" the administrative judge of the New York Supreme Court. Berg Decl., Ex. C, ECF No. 21-3.

Additionally, over the years, Plaintiff has filed numerous actions that assert some of the same claims as the instant action. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 06 Civ. 1202, (S.D.N.Y.); *Gurvey v. Squitieri & Fearon, LLP, et al*., Index No. 02516-16 (N.Y. Sup. Ct.); *Gurvey v. Squitieri & Fearon, LLP, et al*., Index No. 60012-13 (N.Y. Sup. Ct.); and *Weissbrod v. Dopico,* 110774-11 (N.Y. Sup. Ct.).

On April 19, 2018, the Court ordered Plaintiff to show cause why this action should not also be dismissed as barred by *res judicata*, the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity. Order, ECF No. 6. To the extent that Plaintiff addresses the issues raised by the Court, her arguments are without merit. *See generally* Pl. Resp., ECF No. 11; Pl. Reply, ECF No. 28. Plaintiff's responses to Defendants' additional arguments, for example, on collateral estoppel or the failure to state a claim, *see, e.g.*, City of New York Opp., at 5, ECF No. 22; Hinshaw Opp., at 8, ECF No. 25, likewise fail.

Indeed, the Court concludes that Plaintiff's allegations and arguments are frivolous. *Gonzalez*, 2013 WL 12084506, at *1 ("[A] claim is 'frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.'" (quoting *Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998))). The Court, therefore, exercises its inherent authority to dismiss even a fee-paid action as frivolous. *Gonzalez*, 576 F. App'x at 19.

Accordingly, the action is DISMISSED with prejudice. All conferences are vacated. All pending motions are moot. The Clerk of the Court is directed to close the case and to mail Plaintiff *pro se* a copy of this order. Plaintiff is warned that further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions.

SO ORDERED.

Dated: June 5, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge